IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DENISE M. HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-0912-CV-W-DW |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Denise M. Hatcher appeals the denial of her application for supplemental security income. See 42 U.S.C. §§ 1381-1383. She asserts a disability caused by fibromyalgia, high blood pressure, irritable bowel syndrome, epileptic seizures, joint pain and stiffness, and difficulty walking. After a hearing, an ALJ found that Hatcher was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Hatcher's request for review. Thus, the ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393

F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in part. The main issue is whether the ALJ properly assessed Hatcher's credibility. This Court "defer[s] to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." Id. In evaluating subjective complaints, the Commissioner must consider objective medical evidence, as well as any evidence relating to: (1) a claimant's daily activities; (2) the duration, frequency, and intensity of the claimant's pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); Guilliams, 393 F.3d at 802. The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).

This Court concludes that the ALJ adequately considered the Polaski factors in concluding that Hatcher's subjective complaints were not entirely credible. The ALJ found that Hatcher's complaints of debilitating symptoms and functional limitations were inconsistent with the medical evidence. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (absence of objective medical evidence supporting alleged degree of severity is important factor). For example, although Dr. Prohaska diagnosed Hatcher with fibromyalgia in April 2002, a June 2002 emergency room examination revealed no dorsal or lumbar-spine tenderness, and no abnormalities in her extremities. Another doctor, in March 2003, found "no abnormalities of an objective nature." The ALJ also properly considered record evidence that Hatcher's symptoms improved with medication, and that she sometimes did not follow recommended treatment. See

Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); Guilliams, 393 F.3d at 802 (failure to follow recommended treatment weighs against credibility). Dr. Prohaska repeatedly reported that Hatcher's fibromyalgia pain could be adequately controlled with medication. As for following recommended treatment, there is substantial evidence that Hatcher was not regularly prescribed medication for seizures, and that she did not always take the medication as directed when it was prescribed. The ALJ also properly considered record evidence that Hatcher exaggerated her symptoms. See Jones v. Callahan, 122 F.3d 1148, 1152 (8th Cir. 1997). Specifically, the evidence is that during examinations for pain and tenderness when distracted, Hatcher does not react, but when she is directly asked about pain as she is examined, Hatcher reacts with descriptions of great pain. Finally, the ALJ properly considered Hatcher's everyday activities of living alone, cooking some, grocery shopping, and light housekeeping as inconsistent with her subjective complaints of disabling pain. See Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996). In sum, the ALJ acknowledged and considered the Polaski factors, giving good reasons for a credibility finding which is supported by substantial record evidence.

Next, Hatcher argues that the ALJ failed to consider her receipt of certain disability benefits from the Missouri Department of Social Services based on her fibromyalgia and other impairments. This Court disagrees. The ALJ must consider the state agency's finding of disability, but is not "bound by the disability rating of another agency when he is evaluating whether the claimant is disabled for purposes of social security benefits." Pelkey v. Barnhart, 433 F.3d 575, 579 (8th Cir. 2006). Here, although the ALJ did not explicitly discuss the state agency's ruling, he did properly consider and discuss the medical evidence, including the

3

evidence underlying the agency's decision.  See id.

      Finally, Hatcher asserts that the vocational expert's testimony that she could return to past relevant work as a daycare worker or teacher's aid is not supported by substantial evidence.  The RFC supporting the testimony is a determination made by the Commissioner based on all of the record evidence.  See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005).  In light of the medical opinions—and the substantial evidence supporting the ALJ's credibility determination—the RFC finding here is not in error.  Thus, substantial evidence supports the vocational expert's testimony.

      After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole.  Therefore, the Commissioner's decision denying Hatcher's application for benefits is AFFIRMED.

      SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date:  July 12, 2006